IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01387-CMA-MEH

TRANSWEST TRAILERS, LLC, a Colorado limited liability company,

　　　Plaintiff,

v.

CLEMENT INDUSTRIES, INC., a Louisiana corporation,

　　　Defendant.

## STIPULATED PROTECTIVE ORDER

In order to preserve and maintain the confidentiality of the information contained in certain documents to be produced to Plaintiff Transwest Trailers, LLC ("Transwest") and Defendant Clement Industries, Inc. ("Clement"), (collectively "the parties"), and possibly third persons, IT IS ORDERED THAT:

　　　1.　　Documents to be produced by any party to this action or third persons during discovery in this matter that contain confidential or proprietary information, including but not limited to documents that contain information about distributors or distributor principals, or the business policies and procedures of Clement, or financial information of Transwest or other information relating to the business and policies and practices of Transwest, and all information derived from such documents, including but not limited to extracts, memoranda, notes, correspondence, interrogatory and other discovery responses, testimony, and disclosures quoting from or summarizing such information, shall be referred to as "Protected Documents."  When used in this Protective Order, the word "documents" is used in its broadest sense and means all

written and computerized materials, videotapes, and all other tangible items and items in magnetic or electronic form. Except as otherwise indicated below, documents designated by the producing party as "Confidential" that are produced in this action will be Protected Documents and given confidential treatment as described below.

2. Both the Protected Documents and the information contained therein must be treated as confidential and must be used solely for the purpose of prosecuting or defending this action. Except with the prior written consent of the producing party and the party that is the subject of the information, or on further order of the Court, the Protected Documents or information contained therein which are designated as "Confidential" may be shown, disseminated, discussed, or disclosed only to the following persons:

    a. Counsel of record in this action, other members of counsel's law firm, and any other counsel associated to assist in the preparation or trial of this action;

    b. Employees of counsel of record or of associated counsel who assist in the preparation or trial of this action;

    c. Outside experts and consultants retained by any party in good faith for the preparation or trial of this action, provided that no disclosure shall be made to any expert or consultant who is employed by a direct competitor of Clement, or its subsidiaries or successors;

    d. Current or former employees or agents of the party or person who produced the Protected Document;

    e. Stenographic reporters engaged for depositions or proceedings necessary to this action;

    f. Persons (including corporate representatives) who are noticed for deposition or subpoenaed for trial testimony;

    g. Current and former management level employees involved in the litigation on behalf of the parties;

        h.      Employees of outside copy services used to make copies of Protected Documents; and

        i.      The Court and its staff.

2.      Before receiving access to any of the Protected Documents or the information contained therein, each person described in subparagraphs 2(c) and 2(e) above shall be advised of the terms of this Protective Order, shall be given a copy of this Protective Order, and shall agree in writing to be bound by its terms and to be subject to the jurisdiction of the United States District Court of the District of Colorado, by either signing a copy of this Protective Order or a declaration in the form attached as Exhibit A, or, if during a deposition, then by oral declaration on the record in substantially the same language as Exhibit A.

3.      Nothing in this Protective Order relieves any former employee of any producing party or third person of any previous existing obligations to maintain in confidence information or documents obtained in the course of his or her employment.

4.      Before designating any material as "Confidential," the producing party will make a bona fide determination that the material is, in fact, subject to the Protective Order. If a receiving party disagrees with the designation of any document, it will so notify the producing party in writing and, if the parties cannot resolve the issue within ten days of the producing party's receipt of the notice, the objecting party will have the option to apply to the Court to determine whether the document is confidential. The party designating a document as "Confidential" has the burden of proving that a Protected Document contains such designated confidential information. The objecting party will treat any document so marked as "Confidential" until the Court enters a contrary ruling on the matter.

5. Within sixty days after final termination of this action, counsel shall return to the producing party, or at the option of the producing party, destroy the Protected Documents and all copies of those documents in the possession of counsel, his or her clients, and counsel's clients' consulting and testifying experts. Counsel shall certify in writing that all such documents and copies thereof have been returned to the producing party, or destroyed at the producing party's option, and each expert who received copies of such documents shall also certify that he or she has destroyed all notes, memoranda, or other documents created by that expert from or containing information contained in the Protected Documents. Receiving counsel, however, need not destroy or return Protected Documents if retention of such documents is required by counsel's document retention policies or insurance carriers. Receiving counsel also need not destroy or return its legal files, litigation documents, or similar documents to the extent they include Protected Documents. However, this Stipulated Protective Order will continue to apply to any and all Protected Documents retained by counsel pursuant to this paragraph 6.

6. To the extent that Protected Documents or information contained therein are used in the taking of depositions, at any hearing or at trial, or in any filing with the Court, such documents or information shall remain subject to the provisions of this Protective Order and shall be submitted to the Court in a sealed envelope or container clearly marked "CONFIDENTIAL" and with a statement substantially in the following form:

> This envelope contains documents which are filed in this case by [name of party] and which are confidential pursuant to the Protective Order entered in this case. This envelope is to remain sealed and its contents disclosed

>only to the Court and those persons authorized to view its contents under the terms of the Protective Order.

Such documents are to be maintained under seal by the clerk or court reporter. With respect to any deposition, hearing or trial transcript, the producing party may, on the record or within ten business days after receipt of the transcript, designate portions of the transcript relating to the information specified in paragraph 1 above as Protected Documents as "Confidential" under this Stipulated Protective Order. During the first ten business days following receipt of a transcript in which a request for confidential treatment was made on the record, the entire transcript must be treated as "Confidential" This provision, however, does not prevent the deponent from reviewing the transcript in accordance with Federal Rule of Civil Procedure 30(e).

7. Counsel for the parties will maintain a list of all persons to whom any Protected Document or thing or information contained therein is provided along with the signed Protected Order or declaration, except that counsel need not include full-time administrative, executive, or secretarial employees of counsel on such list. The list and signed Protective Order or declaration must be available for inspection by the Court and furnished upon request to the disclosing party's counsel at the end of the litigation.

8. All parties reserve the right to apply to the Court for an order modifying or amending the terms of this Protective Order, either upon consent of all other parties or upon a showing of good cause and other appropriate showing under the particular circumstances.

9. After the termination of these matters, the provisions of this Protective Order shall continue to be binding.

10. The parties agree that this Court shall have jurisdiction over the parties, their attorneys, and experts for enforcement of the provisions of the Protective Order following the termination of this litigation and, by the parties' stipulation to this Protective Order, hereby consent to this jurisdiction. The Court makes no representation as to whether it will retain jurisdiction over the Protective Order following the termination of the litigation.

11. If a third party, another court, or an administrative agency subpoenas or orders the production of material designated as "Confidential" pursuant to this Protective Order and that a party has obtained under the terms of this Protective Order, such party must promptly notify the designating party in writing of the existence and terms of such subpoena or order and of the deadline by which material responsive to the subpoena or order must be produced.

12. Nothing herein affects or restricts the rights of any party with respect to its own documents or information, or to information obtained or developed independently of documents, transcripts, and materials afforded confidential treatment pursuant to this Protective Order.

13. Nothing contained in this Protective Order must be construed to prejudice any party's right to use at the trial of this action any confidential material appropriately designated as such under the standards set forth herein; provided, however, that reasonable notice of the intended use of confidential material in such proceedings shall be provided to the party who made the "Confidential" designation to enable that party to seek relief from the Court or to otherwise arrange for proper safeguards.

14. This Protective Order has been agreed to by the parties to facilitate discovery and the production and disclosure of information in this action.  Neither the entry of this Protective Order, the designation of any materials as "Confidential" or the failure to make such designation shall be construed as a concession by the disclosing party that such material or information is relevant or material to any issue in this litigation.  Evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose during any proceeding on the merits of this action.

15. Neither the signing of this Protective Order or the disclosure and designation of material as "Confidential" pursuant to this Protective Order shall be construed as a waiver of, or preclude any party from raising, any objection to discovery or asserting any and all privileges against disclosure otherwise available to such party under applicable law, including, but not limited to, attorney-client privilege and work product.

16. Nothing within this Protective Order shall preclude a party from designating materials as "Confidential" that were inadvertently not so designated, provided that written notice is provided to counsel for all parties specifying the document(s) or information and corresponding designation.

17. This Protective Order is entered without prejudice to the right of any party upon motion to the Court in writing to seek additional protective treatment for, or object to the disclosure, production, or introduction into evidence of any information or material that may become the subject of discovery or to seek modification of this Protective Order.

18. By agreeing to the entry of this Protective Order, the parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

19. It is the intention of the Parties that the provisions of this Protective Order shall apply to any individuals or entities who may be added as a party to this civil action subsequent to the entry of this Order by the Court. Accordingly, the Parties (collectively and individually) agree that no individual or entity added as a party to this Civil Action shall be allowed to review any Protected Documents until such individual or entity agrees to be bound to the terms of this Order.

This Protective Order is binding on the parties and their attorneys, and on the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

STIPULATED AND AGREED HERETO BY:

| | |
|---|---|
| *s/ E. Martín Enriquez* | *s/ Thomas H. Wagner* |
| Mark T. Clouatre (#29892) | James R. Cage (#10153) |
| E. Martín Enriquez (#38886) | Thomas H. Wagner (#38135) |
| Wheeler Trigg O'Donnell LLP | Moye White, LLP |
| 1801 California Street, Suite 3600 | 16 Market Square 6th Floor |
| Denver, Colorado 80202 | 1400 16th Street |
| Telephone: (303) 244-1800 | Denver, Colorado 80202 |
| Facsimile: (303) 244-1879 | Telephone: (303) 292-2900 |
| E-mail: **clouatre@wtotrial.com** | Facsimile: (303) 292-4510 |
| E-mail: enriquez@wtotrial.com | E-mail: jim.cage@moyewhite.com |
| | E-mail: tom.wagner@moyewhite.com |
| Michael D. Mulvaney | |
| Scott S. Brown | Attorneys for Plaintiff Transwest Trailers, LLC |
| Maynard Cooper and Gale PC | |
| 2400 Regions Harbert Plaza | |

1901 Sixth Avenue North
Birmingham, Alabama 35203
Telephone:  (205) 254-1000
Facsimile:  (205) 254-1999
E-mail:  **mmulvaney@maynardcooper.com**
E-mail:  **scottbrown@maynardcooper.com**

Attorneys for Defendant
Clement Industries, Inc.


It is so ORDERED, this 21st day of December, 2009.

BY THE COURT:

*/s/ Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01387-CMA-MEH

TRANSWEST TRAILERS, LLC,
a Colorado limited liability company,

    Plaintiff,

v.

CLEMENT INDUSTRIES, INC.,
a Louisiana corporation,

    Defendant.

---

**DECLARATION**

---

    .I have read the Protective Order attached hereto, and I understand and will abide by its terms and meanings.

    2.    I agree that my signature below submits me to the jurisdiction of the United States District Court for the District of Colorado, and binds me to the provisions of the Protective Order.

    I declare under penalty of perjury under the laws of the State of _____, and the United States of America, 28 U.S.C. § 1746, that the foregoing is true and correct.

    EXECUTED this \_\_\_\_\_ day of _____, 2009 at _____.

    _____

**EXHIBIT A**